UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-18-CEH-JSS

JHONATAN LUIS MANOSALVAS-LINO

_____

## ORDER

This matter comes before the Court on Defendant Jonathan Luis Manosalvas-Lino's Motion Under 18 U.S.C. § 3582(c)(2) and Retroactive Amendment 782 for Modification of Sentence (Doc. 93). In the motion, Manosalvas-Lino seeks a sentence reduction based on a retroactive application of a change to the sentencing guidelines known as Amendment 782.

The Federal Public Defender was appointed on Manosalvas-Lino's behalf (Docs. 90, 91). The Federal Public Defender and the United States Probation Office each filed a memorandum addressing the retroactive application of Amendment 782 to Manosalvas-Lino's sentence (Docs. 90, 92).

Having considered the motion and being fully advised in its premises, the Court will deny Manosalvas-Lino's motion to reduce his sentence.

### Background

On July 20, 2016, Manosalvas-Lino was sentenced to a term of 120 months' imprisonment upon his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of

the United States. Doc. 78 at 1-2. Manosalvas-Lino is currently incarcerated at FCI Fort Dix.

In his motion, Manosalvas-Lino relies on a 2014 amendment of the sentencing guidelines, known as Amendment 782, that he states reduced by two levels the quantity threshold for all drug offenses. Doc. 93 at 2, 4. He seeks a retroactive reduction in his sentence in accordance with the amendment under 18 U.S.C. § 3582(c). *Id.* at 1, 6. Manosalvas further explains that he has engaged in rehabilitative programming in prison so that he is able to pursue a constructive life when he reenters society. *Id.* at 6.

The United States Department of Probation submitted a memorandum in which it found that Manosalvas-Lino is ineligible for retroactive relief from Amendment 782. Doc. 90. The Department explained that Manosalvas-Lino had already been sentenced in accordance with Amendment 782, and had received the statutory minimum for his offense. *Id.* at 1. The Federal Public Defender concurred in the Department's conclusion, explaining that Amendment 782 was already in effect at the time of Manosalvas-Lino's sentencing in 2016. Doc. 92 at 2.

## Discussion

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(2) provides a limited exception in which a court may reduce the term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. The

2

defendant, as the movant, bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Amendment 782 resulted from the United States Sentencing Commission's unanimous vote to amend the sentencing guidelines to lower most base offense levels by two levels across all drug types. *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015). The amendment became effective immediately for defendants sentenced on or after November 1, 2014. *Id.* at 995.

Manosalvas-Lino was sentenced on July 20, 2016, nearly two years after Amendment 782 went into effect. He is therefore not eligible for a reduction in sentence based on Amendment 782 because he was already sentenced in accordance with it.[1] *See* Docs. 90, 92. While the Court commends Manosalvas-Lino for engaging in rehabilitative programming while in prison and encourages him to continue doing so, the Court has no discretion to modify his sentence. The motion is therefore due to be denied.

---

[1] The prior version of the sentencing guidelines mandated that 150 kilograms or more of cocaine resulted in a base offense level of 38, while the current guidelines state that between 150 and 450 kilograms result in level 36. *See* Editors' Notes to 2014 Amendments, U.S.S.G. § 2D1.1. Manosalvas-Lino was convicted of possessing 180 kilograms of cocaine, and his base offense level was calculated to be 36. Doc. 72 at 5-6. He therefore already received the benefit of the change to the sentencing guidelines.

Accordingly, it is **ORDERED**:

1. Defendant Jonathan Luis Manosalvas-Lino's Motion Under 18 U.S.C. § 3582(c)(2) and Retroactive Amendment 782 for Modification of Sentence (Doc. 93) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 23, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties